## HALL v. AHREND.

### (Circuit Court, S. D. New York. August 1, 1901.)

PATENTS—INVENTION—PROCESS FOR MAKING IMITATION PRESS-COPIED LETTERS.

    The Hall patent, No. 423,558, for a method of producing imitation press-copied letters, claim 1, is void, the process described for treating printed letters or circulars to give them the appearance of having been press-copied being essentially the same to which letters are subjected in the actual copying, which was old.

In Equity. Suit for infringement of letters patent No. 423,558, issued to Samuel Hall March 18, 1890, for a "method of producing imitation press-copied letters." On final hearing.

Alan D. Kenyon, for complainant.
R. B. McMaster, for defendant.

LACOMBE, Circuit Judge. The specification begins:

"My invention relates to a new and useful method of producing circulars, circular letters, and similar printed matters, whereby they have the appearance of having been letterpress copied, thus giving them more consequence in the eyes of the person by whom they may be received, and inducing him to read the same. In practicing my method it will be apparent that the printed matter may be produced upon the original in such manner as preferred. The methods most favored by me are printing the same on an ordinary press in typewriter type, or by a plate in imitation of handwriting. I prefer that my process should be practiced by the employment of an endless and continuously moving webb of cloth, and in order that the ink taken off upon the cloth may be removed from it, so that the original printed

matter may not be smutched or 'overprinted' by impressions taken from the cloth, I prefer to practice my invention by employing an apparatus devised by me, and shown in the drawings."

Next follows an extended description of an apparatus containing frame, water-tight tanks, squeezing rollers, web of cloth, bleaching solution, etc. The specification concludes:

"I do not herein claim the apparatus shown and described, but I do not abandon the same, since I intend to make that the subject of an application for a patent to be filed by me before the allowance of this present application."

The claims are:

"(1) The process described, consisting in first printing the original sheets; then placing their printed surfaces in contact with a moist material, and passing both together between compression rollers; then removing the ink impression received by the moist material before it is again brought in contact with the printed matter,—substantially as and for the purposes set forth.

"(2) The process described, consisting in first printing the original sheets; then placing their printed surfaces in contact with a moist material; then passing both together between compression rollers; then passing the moist material through bleaching liquor; then squeezing out the excess of bleaching liquor; then passing the moist material through water, to wash out the bleaching liquor; then pressing out the excess of water,—substantially as set forth."

The first claim only is relied upon. There is no charge of infringement of the second claim. This first claim is an extremely broad one. It would cover the operation of any old-fashioned copying press where rollers were substituted for platens, and where successive sheets of moist material were applied, the ink-impressed ones being removed before the next compression. The evidence abundantly shows that Hall was the first to conceive of the idea of advertising or of using printed circulars or letters so prepared as to present the appearance of having been press-copied, thus appealing to the attention of the recipient as being more personal. Its ingenuity may be conceded; that he was a pioneer in the introduction of that style of circular may be admitted; that it commended itself to the public is proved. Nevertheless the first claim of this patent does not cover the novel idea of using circulars which appear to have been press-copied, and the method described for giving them that appearance is not novel. The fundamental difficulty with the patent and the argument seems to be the result of a curious confusion of ideas. Thus the patent says, "Circulars * * * [which] have the appearance of having been letterpress copied"; as if it were an "appearance" produced in some novel manner. In fact the circulars have the "appearance" of having been press-copied, because they have been press-copied. So the brief says patentee's is "the only known process by which such imitation letterpress copied printed circulars can be produced." But in fact they are not "imitation" letterpress copied circulars; they have been actually so copied,—of this the evidence leaves no doubt,—although the copies have not been preserved. Defendant has by his second claim covered a detailed process, which may present features of novelty when compared with the earlier art. Whether he could have obtained a patent for his discovery that the

most effectual way to commend a circular to its recipient was to satisfy him, by the evidence of the document itself, that it had been press-copied, thus inducing a belief that the copy had been deemed of importance enough to be preserved, need not be discussed. No such patent is here, only a claim for a method of making press-copies so broad in its statement that it would cover methods well known before.

The bill is dismissed, with costs.